Page, J.
The plaintiff, Michael Girouard (Girouard) has brought this action seeking a preliminary injunction to enjoin the Worcester Police Department from re-promoting to permanent positions six police officers who were promoted on March 20, 2003 for a one-day period. The Human Resources Division (HRD) of the Commonwealth of Massachusetts upheld the city’s action and Girouard has appealed that decision to the state Civil Service Commission. Girouard now asks that this court enjoin the promotions until the Commission has ruled on his appeal. After a hearing and for the reasons stated below, the plaintiffs motion is DENIED.
To obtain preliminary injunctive relief, the plaintiff must satisfy a threefold inquiry: first that he has a reasonable likelihood of success on the merits; second, that he will suffer irreparable harm if the injunction is not granted; and third, that the harm he will suffer, if the injunction is denied, outweighs the injury the defendant will suffer if the injunction is granted. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). Additionally, since the plaintiff seeks to enjoin an action by the government, the court must determine whether the requested order promotes the public interest or if the relief sought will not adversely affect the public. Commonwealth v. Mass. CRINC, 392 Mass. 79, 89 (1984).
Here, Girouard has failed to satisfy the criteria necessary for the issuance of an injunction; First and foremost, because the Civil Service Commission has not yet issued a final determination as to whether the police department erred in promoting the six officers, it is unclear whether he has a reasonable or in fact any likelihood of success on the merits in this action. It is well settled that a plaintiff must exhaust his administrative remedies before seeking a preliminary injunction. Exceptions to the exhaustion requirement exist in extraordinary circumstances, including, if it would prove futile, if the parties only present questions of law to the court or if irreparable harm would result if judicial action were delayed by the implementation of the administrative process. Stock v. Massachusetts *307 Hospital School, 392 Mass. 205, 213 (1984). Short of these exceptions, however, where the administrative agency at issue has not issued a final determination of the matter, the matter is not ripe for invoking the jurisdiction of this court.
Girouard asserts that HRD’s initial reversal of the promotions underscores his claim of improper procedure. This argument is misplaced, since HRD ultimately approved the promotions after the city permitted the officers to work in their promoted capacities for the one-day period. As there is no other credible indication as to how the Civil Service Commission will decide the merits of this case, this court cannot determine, based on the evidence before it, that Girouard has a reasonable likelihood of success on the merits of his claim.
Second, Girouard will not be irreparably harmed if the Police Department grants the promotions. Should the Civil Service Commission conclude that the promotions were improper, Girouard may stand for any upcoming vacancies and receive retroactive benefits as of the date of the improper actions.
Third, this court cannot ignore the city’s concern for its economic condition and the impact it has had on the police department and public safety. Accordingly, as this court finds persuasive Worcester’s concern for the police department’s ability to promote officers, absent some evidence of discriminatory intent or motive, sans judicial intervention, and because Girouard may be entitled to receive benefits retroactive to the date of the promotion should the Civil Service Commission find the promotions were improper, this court rules that injunctive relief in this matter is inappropriate at this juncture.
Finally, the issuance of an injunction would not promote the public interest. This court has traditionally taken a dim view of municipalities making employment decisions that fall outside of the normal procedure and this court takes issue with the city’s assertion that “the city and visitors care not one wit about a squabble over who should be promoted.” However, contrary to Girouard’s argument, there is no evidence of improper motive, fraud or favoritism. The plaintiffs argument would have some merit had the officers’ scores been lower than that of the plaintiff. But for the city’s fiscal problems, the promotions in question would have been permanent.
ORDER
For the foregoing reasons, it is hereby ordered that the plaintiff, Michael Girouard’s motion for a preliminary injunction be DENIED.